Elizabeth V. McNulty (SBN 192455)
emcnulty@efsmmlaw.com
Christopher J. Waldon (SBN 310179)
cwaldon@efsmmlaw.com
Christina M. Trotz (SBN 310179)
ctrotz@efsmmlaw.com
EVANS FEARS SCHUTTERT MCNULTY MICKUS
1 Park Plaza, Suite 500
Irvine, California 92614
Telephone: (949) 301-9464
Facsimile: (949) 966-0706
E-Service: efsmmstellantisconsumer@efsmmlaw.com

Attorneys for Defendant
FCA US LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SAN DIEGO

| | |
|---|---|
| FLORA ESTHELA SILLAS AND ERICK JESUS RIVERA,<br><br>Plaintiffs,<br><br>vs.<br><br>FCA US LLC; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO: 24CU007118C<br><br>Judge Marcella O. McLaughlin<br>Dept. C-72<br><br>**DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**<br><br>Jury Trial Demanded<br>Complaint Filed: 08/21/2024 |

Defendant FCA US LLC ("FCA") hereby responds to the Unverified Complaint ("Complaint") filed by Plaintiffs Flora Esthela Sillas and Erick Jesus Rivera ("Plaintiffs") as follows:

Pursuant to California Code of Civil Procedure section 431.30, FCA hereby generally denies each and every allegation in the Complaint and further denies that Plaintiffs have been damaged in any sum whatsoever.

Further answering the Complaint, and the whole thereof, including each and every cause of action contained herein, FCA denies that Plaintiffs have or will sustain any injury, damage or loss, if any, by reason of any act or omission, fault or negligence on the part of FCA, its agents, servants, and employees, or any of them.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1. Plaintiffs' Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against FCA and FCA denies that Plaintiffs were damaged in any sum or sums, or at all.

### SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. FCA is informed and believes, and on that basis alleges, that some or all of Plaintiffs' claims may be barred by the statute of limitations including, but not limited to, limitations contained within Code of Civil Procedure sections 335.1, 337, 338, 339 and 340.

### THIRD AFFIRMATIVE DEFENSE

### (Right to Arbitrate)

3. FCA is informed and believes, and on that basis alleges, the Plaintiffs entered into a binding arbitration agreement with Defendant FCA and/or the dealership from which Plaintiffs purchased the subject 2023 Jeep Wrangler (VIN: 1C4JJXP62PW516162) (the "Subject Vehicle"). FCA, therefore, may elect to exercise its right and pursue resolution of this dispute through arbitration.

### FOURTH AFFIRMATIVE DEFENSE

### (1793.2(b) – Delay Expressly Excused)

4. To the extent Plaintiffs allege that FCA failed to begin or complete a repair of any nonconformity within thirty (30) days, such failure was excused by delays caused by conditions beyond the control of FCA.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. Plaintiffs are estopped from obtaining the relief sought or pursuing any of the claims raised or causes of actions contained in their Complaint, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

///

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. FCA is informed and believes, and on that basis alleges, that the claims and relief sought by Plaintiffs are barred by reason of the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7. Plaintiffs have waived their rights to the claims, causes of action and relief sought in their Complaint against FCA, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8. Plaintiffs have unreasonably delayed the commencement of this action to the prejudice of FCA. Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

9. Plaintiffs' causes of action have not accrued because Plaintiffs cannot establish that they suffered injury directly from the Subject Vehicle or products, and therefore Plaintiffs' contention that the Subject Vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

## TENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

10. If Plaintiffs sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by Plaintiffs' failure to conduct themselves in a manner ordinarily expected of a reasonably prudent person in the conduct of their affairs and business. The contributory negligence and fault of Plaintiffs diminishes any recovery herein.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

**(Contributory Negligence of Third Parties)**

11. If Plaintiffs sustained any damages as alleged in the Complaint, such damage was proximately caused and contributed to by persons and/or parties, other than FCA, by failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business. Contributory negligence and fault of persons and/or parties, other than FCA, diminishes any recovery from FCA.

## TWELFTH AFFIRMATIVE DEFENSE

**(Lack of Maintenance and Other Exclusions)**

12. FCA is informed and believes, and on that basis alleges, that Plaintiffs and/or others may have improperly cared for and maintained the subject 2023 Jeep Wrangler, and that some of Plaintiffs' concerns may have been proximately caused by such lack of maintenance of the Subject Vehicle or products. FCA reserves the right to identify additional exclusions which may be applicable.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Unreasonable or Unauthorized Use of Vehicle)**

13. FCA is informed and believes, and on that basis alleges, that some of Plaintiffs' concerns may be barred by Plaintiffs' unreasonable or unauthorized use of the vehicle. (Civil Code section 1794.3.)

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Duration of Implied Warranty)**

14. The maximum duration of the implied warranty is one year for a new good. (Civil Code section 1791.1(c).)

/ / /

/ / /

/ / /

/ / /

/ / /

**DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Subject Vehicle Fit for its Intended Purpose)

15. FCA is informed and believes, and on that basis alleges, that the subject 2023 Jeep Wrangler was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiffs are not entitled to relief for breach of the implied warranty of merchantability. (*American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.)

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Timely Revocation)

16. Plaintiffs have no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance after the alleged breach and before a substantial change in the condition of the goods.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Consent)

17. The repair process to Plaintiffs' vehicle was appropriate and proper and is believed to have been done with Plaintiffs' consent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Reasonable Opportunity to Repair)

18. Plaintiffs are precluded from any recovery pursuant to the Song-Beverly Consumer Warranty Act or Magnuson-Moss Warranty-Federal Trade Commission Improvements Act as Plaintiffs failed and refused to provide a reasonable opportunity to repair.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Civil Action Barred)

19. FCA has established a compliant informal dispute settlement procedure pursuant to 15 U.S.C. section 2310 and Plaintiffs were made aware of this procedure but failed to utilize the procedure. Thus, Plaintiffs are barred from commencing any civil action pursuant to the Magnusson-Moss Warranty-Federal Trade Commission Improvements Act.

/ / /

/ / /

DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### (Third Party Resolution)

20. FCA maintains a qualified third-party dispute resolution process. Consequently, Plaintiffs have no claim for civil penalty for any alleged willful violation. (*Suman v. BMW of North America, Inc.* (1994) 23 Cal.App.4th 1.)

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Civil Code section 1794(e)(3))

21. FCA is informed and believes, and on that basis alleges, that Plaintiffs failed to provide written notice under Civil Code section 1794, subdivision (e)(3), and therefore, Plaintiffs' civil penalty claim is barred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure of Performance)

22. FCA is informed and believes, and on that basis alleges, that any failure to perform the obligations as described in the Complaint resulted from Plaintiffs' failure to perform as required by the contract and/or warranty. Plaintiffs' performance was a condition precedent to the performance of FCA's obligations.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Alteration of Product)

23. The 2023 Jeep Wrangler was not defective or in an unmerchantable condition at any time when it left the possession, custody, and control of FCA. Any alleged damage or defect to the Subject Vehicle was caused and created by changes and alterations made to the vehicle subsequent to the vehicle's manufacture and/or sale other than FCA or any of its agents, servants, or employees, thereby barring Plaintiffs' recovery herein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Preemption)

24. The Complaint and each and every cause of action therein, in whole, or in part, are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C. sections 30118, et seq.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Performance)**

25.     Prior to the commencement of this action, FCA fully performed, satisfied, and discharged all duties and obligations it may have owed to Plaintiffs arising out of any and all agreements, representations or contracts made by it or on its behalf and this action is therefore barred by the provisions of Civil Code section 1473.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

26.     Plaintiffs are barred from recovery, in whole or in part, on the grounds that they are subject to the defense of accord and satisfaction.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Notify)**

27.     FCA is informed and believes, and on that basis alleges, that Plaintiffs failed to provide timely notice, within a reasonable period of time after discovery of their claims and alleged defects.  As a result, their causes of action against FCA are barred as a matter of law.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Complete Performance)**

28.     FCA has appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Compliance with Laws)**

29.     FCA has complied with all laws and regulations with regard to the subject matter of Plaintiffs' Complaint and is therefore not liable to Plaintiffs for any damages they may have sustained, if any.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Good Faith)**

30.     At all times relevant and material to this action, FCA acted reasonably and in good faith.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Independent Causes)**

31. The alleged injuries, damages, or loss, if any, for which Plaintiffs seek recovery, were the result of causes independent of any purported acts or omissions on the part of FCA, or any of its agents, representatives or employees, thereby eliminating or reducing the alleged liability of FCA.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Failure to Inspect)**

32. FCA alleges that Plaintiffs' damages, if any, may have been caused by the failure of third parties, unrelated to FCA, to properly inspect the Subject Vehicle or products, thereby eliminating or reducing the alleged liability of FCA.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Failure to Maintain)**

33. FCA alleges that any and all conditions in the Subject Vehicle or products described in the Complaint, if any there were, were solely a result of the failure to properly maintain and service the Subject Vehicle or products, thereby eliminating or reducing the alleged liability of FCA.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(No Breach)**

34. FCA alleges that it did not breach any duties to Plaintiffs, thereby barring and/or precluding Plaintiffs from recovery.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(No Affirmative Conduct)**

35. FCA alleges that there was no affirmative conduct on the part of FCA, which allegedly caused or contributed to Plaintiffs' alleged injuries and therefore Plaintiffs have no cause of action against FCA.

///

///

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Substantial Factor)

36. FCA alleges that the negligence and other legal fault alleged in the Complaint as against FCA, if any, was not a substantial factor in bringing about Plaintiffs' alleged injuries and, therefore, was not a contributing cause.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Excessive/Speculative Damages)

37. FCA alleges that the damages allegedly sustained by Plaintiffs, if any, were excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and/or unrelated to the alleged incident.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

38. If Plaintiffs have suffered any loss, damage or injury, it was directly or proximately caused by and is the result of Plaintiffs' conduct and/or their potential failure to mitigate any such loss, damage or injury.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Set Off)

39. FCA alleges that if it is established that FCA is in any manner legally responsible for any of the damages claimed by Plaintiffs, which is denied, FCA is entitled to a set off of these damages, if any, that resulted from the wrongful acts of Plaintiffs and/or others.

## FORTIETH AFFIRMATIVE DEFENSE

### (Spoliation of Evidence)

40. The Subject Vehicle or products identified in the Complaint that were allegedly repaired by FCA or its authorized service facilities are missing, have been modified or altered and/or are no longer available for FCA's inspection, which impacts FCA's defense in this case. FCA is therefore entitled to relief from this spoliation, including appropriate jury instructions, admonitions and any other relief afforded by the Court.

///

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Fees and Costs)

41. FCA is informed and believes, and on that basis alleges, that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the law which warranted the filing of the Complaint against FCA. Plaintiffs should therefore be responsible for all of FCA's necessary and reasonable attorney fees and defense costs as permitted by California law.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

42. FCA reserves its rights to raise and plead additional defenses and/or affirmative defenses which might become known during the course of discovery, as well as to dismiss any defenses which, as a result of discovery, are determined to be unsupported by good faith reliance upon either the facts or the law, or a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

## PRAYER

WHEREFORE, Defendant FCA US LLC prays as follows:

1. That Plaintiffs take nothing by way of their Complaint on file herein, and that this action be dismissed in its entirety, with prejudice;

2. That judgment be entered in favor of FCA US LLC for costs of suit; and,

3. For such other and further relief as the Court may deem just and proper.

Dated: September 23, 2024        EVANS FEARS SCHUTTERT MCNULTY MICKUS

_____
Elizabeth V. McNulty
Christopher J. Waldon
Christina M. Trotz
Attorneys for Defendant
FCA US LLC

DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1 Park Plaza, Suite 500 Irvine, CA 92614.

On September 23, 2024, I served, in the manner indicated below, the foregoing document described as:

**DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes as applicable, addressed as follows:

***SEE ATTACHED SERVICE LIST***

☐ **BY MAIL:** I caused such envelopes to be deposited in the United States mail at Irvine, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a).)

☐ **BY FACSIMILE:** The foregoing document was transmitted to the attached named person(s) by facsimile transmission on said date and the transmission was reported as complete and without error (C.C.P. § 1013(e)(f).)

☐ **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d).)

☐ **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by hand to the offices of the addressee(s). (C.C.P. § 1011(a)(b).)

☒ **BY ELECTRONIC TRANSMISSION:** The foregoing document was transmitted via electronic mail to the addressees, at the e-mail addresses indicated on the attached service list, without error.

☒ (**STATE**) I declare under penalty of perjury that the foregoing is true and correct.

☐ (**FEDERAL**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 23, 2024 at Irvine, California.

_____
Jacquelene Zambrano

**DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**

# SERVICE LIST

### *Sillas, et al. v. FCA US LLC*
### Superior Court of California, County of San Diego, Case No. 24CU007118C

| | |
|---|---|
| Tionna Carvalho (SBN 299010) <br> tcarvalho@slpattorney.com <br> Sanam Vaziri (SBN 177384) <br> svaziri@slpattorney.com <br> **STRATEGIC LEGAL PRACTICES** <br> 1888 Century Park East, 19th Floor <br> Los Angeles, CA 90067 <br> Tel: (310) 929-4900 <br> Facsimile: (310) 943-3838 <br> emailservices@slpattorney.com | Counsel for Plaintiffs <br> FLORA ESTHELA SILLAS <br> and ERICK JESUS RIVERA |

**DEFENDANT FCA US LLC'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT**